**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FELIZ A. RAEL, as Guardian ad Litem of M.A., a minor child,

Plaintiff,

v. Civ. No. 1:25-cv-01104-MIS-JMR

BOARD OF EDUCATION OF SANTA FE PUBLIC SCHOOLS, XAVIER CHAVEZ, and LAURA JURADO,

Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER ON DISCOVERY DISPUTE**

THIS MATTER is before the Court on Plaintiff Feliz A. Rael's ("Plaintiff") Objection to the Magistrate Judge's Order on Discovery Dispute ("Objection"), ECF No. 51, filed June 24, 2026. Upon review of the submission, the record, and the relevant law, the Court will overrule Plaintiff's objection.

## I. Background

This case arises from the alleged sexual assault of M.A. by a high school coach during physical therapy sessions. *Id.* at 2. On June 3, 2026, Defendants deposed minor child M.A. and questioned her "concerning the contents of her mental health records" which include references to events involving M.A. and her parents. Pl's Positional Statement at 1, ECF No. 45-1. Defendant noticed M.A. parents on May 5, 2026, of depositions scheduled for the day after M.A.'s deposition, June 4, 2026. Def.'s Positional Statement at 2, ECF No. 45-2.

At the beginning of the deposition on June 4, 2026, Plaintiff's counsel notified Defendant's counsel that M.A.'s mental health records were protected by HIPAA and objected to their use in

the deposition. *Id.* M.A.'s parents refused to sign a HIPAA release for the deposition and, because Defendants believed they "could not meaningfully examine the deponents on an issue central to litigation," Defendants cancelled the deposition pending the Magistrate Judge's ruling. *Id.*

The Magistrate Judge asked both Parties to submit brief summaries on their positions and scheduled an informal discovery conference for June 10, 2026. Order Setting Telephonic Informal Disc. Conf. at 1, ECF No. 43.

Plaintiff argued that (1) the records are protected by HIPAA, (2) Federal Rule of Civil Procedure ("Rule") 26(c) authorizes the Court to protect M.A.'s records from unnecessary disclosure, and (3) M.A.'s parent's deposition can proceed without the records. Pl.'s Positional Statement at 2-4, ECF No. 45-1. Defendants argued that (1) because the mental records are relevant and central to Plaintiff's claims, privilege has been waived, (2) HIPAA is subordinate to the rule of civil procedure, (3) Plaintiff has waived protections by making a record stating she wanted her parents present at her deposition and named both her parents as fact witnesses who would testify about the injuries forming the basis of her lawsuit, and (4) Plaintiff's objections about use of the records were untimely and meritless. Defs.'s Positional Statement at 2-3, ECF No. 45-2. Defendants' counsel requested the Court impose sanctions on Plaintiff's counsel. *Id.* at 3-4.

The Magistrate Judge ruled in favor of Defendants at the informal discovery conference. Clerk's Min. of Hr'g of June 10, 2026, at 2, ECF No. 45. The Magistrate Judge found that HIPAA protections do not apply at M.A.'s parents deposition and declined to issue a protective order under Federal Rule of Civil Procedure 26(c). *Id.* The Magistrate Judge stated that the "parties may confer regarding whether the exhibits should [] remain confidential in some way." *Id.* The Magistrate Judge did not preclude Plaintiff from pursuing a formal written protective order. *Id.* The Magistrate

Judge declined to impose sanctions. *Id.* The Order formalizing the Magistrate Judge's decision states

> Defendants may use Plaintiff's mental health records during the deposition of Plaintiff's parents. The records may be attached as exhibits to the parents' depositions, though the parties may agree to redact and/or seal the exhibits. This order does not preclude Plaintiff from seeking a protective order to prevent disclosure of Plaintiff's medical or mental health records in other contexts.

ECF No. 46.

One June 24, 2026, Plaintiff filed objections to the Order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). ECF No. 51 at 1. Plaintiff argues that the order was "clearly erroneous" because (1) use of the records in M.A.'s parents' deposition creates a substantial likelihood that M.A. will suffer harm and the Magistrate Judge should have issued a protective order, (2) Defendants' already deposed M.A. on the records and use of the records in M.A.'s parents' disposition will be cumulative, and (3) M.A.'s parents lack personal knowledge about statements in the records. *Id.* at 3-8.

**II. Legal Standard**

When a party files a timely written objection to a magistrate judge's ruling on a non-dispositive matter, the district court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. of Civ. P. 72(a); *Birch v. Polaris Indus.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

The basis of Plaintiff's Objection is that the Order is clearly erroneous. *See generally* Obj., ECF No. 51. The clearly erroneous standard "requires that the reviewing court affirm unless it[,] on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citation omitted).

## III. Discussion

The Court overrules Plaintiff's objections to the Magistrate Judge's Order on Discovery Dispute. The Magistrate Judge properly exercised her discretion in permitting Defendants to use the mental health records when deposing M.A.'s parents and in declining to issue a protective order. The Court additionally finds the use of the records will not render the deposition unreasonably cumulative and Defendants are likely to have use of the records to address subjects about which M.A.'s parents have personal knowledge. The Court first addresses the Magistrate Judge's proper use of discretion before moving on to Plaintiff's arguments about cumulative depositions and personal knowledge.

### A. The Magistrate Judge's decision to permit use of the records and declining to issue a protective order was not clearly erroneous because it was properly within her discretion despite potential harm to M.A.

Plaintiff asserts that the Magistrate Judge "failed to exercise [her] discretion over discovery to protect minor child M.A. from harm." Obj. at 4, ECF No. 51. Plaintiff makes four arguments. The first two center on the use and public disclosure of the records. The second two focus on potential harm to M.A.

First, Plaintiff argues that although "M.A.'s mental health and emotional distress are at issue, that does not render M.A.'s mental health records fair game for Defendants' use in any manner they choose," *id.*, and that because "a federal court has held that medical and psychological records 'deserve some level of pretrial protection from unlimited public disclosure' . . . [and] 'a waiver does not warrant unlimited public disclosure[,]' . . . it was clearly erroneous to decline entry of a protective order," *id.*

Second, Plaintiff argues that because Rule 26(c) "permits a court to issue a protective order only if necessary to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' . . . [w]hen good cause is established," and "good cause exists" based on "a substantial risk of family conflict and damage to family trust," *id.* at 5, and because "a court supervising discovery should consider," as a factor in exercising authority, the potential of the records content "to cause harm to the affected party," *id.* at 5-6 (citing *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1216 (2004)), the Magistrate Judge clearly erred by permitting use and failing to issue a protective order since "M.A. will likely suffer real and substantial harm if her mental health records are disclosed to her parents at the parents' deposition," *id.* at 6.

"The district court has broad discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 952 (10th Cir. 2004), *as modified on denial of reh'g* (June 2, 2004), *and abrogated by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006) (citation omitted); *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994) ("As a general rule, discovery rulings are within the broad discretion of the trial court.") (citation omitted). The Magistrate Judge properly exercised the Court's discretion here.

As Plaintiff notes in her first arguments, the Court has discretion to determine whether the harm to M.A. is such that it overcomes Defendants' right to access and use information available on discovery. *See* Obj. at 3-4, ECF No. 3. Here, Plaintiff concedes that M.A.'s mental health is at issue, *id.*, and has already approved use of the mental health records in the deposition of M.A., Defs.'s Positional Statement at 2, ECF No. 45-2. Further, New Mexico Rules of Evidence state that "[i]f a patient relies on a physical, mental, or emotional condition as part of a claim or defense, no privilege shall apply concerning confidential communications made relevant to that condition."

N.M. R. Evid. 11-504(D)(3). And M.A. may also have waived her right to object to her parents' exposure to the records when M.A. made a record that she wanted her parents present at her own deposition, despite it being clear the records would be discussed. Defs,'s Positional Statement at 3, ECF No. 45-2. Finally, "HIPAA regulations do not trump the rules of civil procedure with respect to discovery obligations or questions of relevance." *BNSF Ry. Co. v. Lafarge Sw., Inc.*, No. CIV 06-1076 MCA/LFG, 2008 WL 11322949, at *5 (D.N.M. May 9, 2008). Although the Court acknowledges use of the records may cause harm to M.A. and her relationship with her parents, the Magistrate Judge did not clearly err by putting Defendants' right to use the records above that harm.

The Court also finds the Magistrate Judge did not clearly err by deciding to issue a protective order. First, Plaintiff is incorrect that Defendants are attempting to use the records in a way that results in "unlimited public disclosure" Obj. at 4, ECF No. 51 (citing *Fischer v. City of Portland*, CV 02-1728, 2003 U.S. Dist. LEXIS 25525, at *13 (D. Or. Aug. 22, 2003)). Defendants are using the records in a deposition, not a public trial, and the Magistrate Judge specifically noted that "[t]he parties may confer regarding whether the exhibits should [] remain confidential in some way," Clerk's Min. of Hr'g of June 10, 2026 at 2, ECF No. 45, and Plaintiff may "seek[] a protective order to prevent disclosure of Plaintiff's medical or mental health records in other contexts," Order at 1, ECF No. 46. Furthermore, even if some cause exists to issue a protective order based on the potential harm to M.A. and her relationship to her parents, the Court is not obligated to issue a protective order and it is within the Court's discretion to decline to do so. The Court notes as well that the case Plaintiff cites in support is about granting a plaintiff's request to file her medical records under seal on the docket. Obj. at 6, ECF N. 51 (citing *Dunigan v. Miss. Valley State Univ.*, No. 4:19-CV-33-DMB-JMV, 2020 U.S. Dist. LEXIS 92433, *2 (N.D. Miss.

2020)). The circumstances here are not similar. Plaintiff does not establish that harm to M.A. is so substantial the Magistrate Judge's decision not to issue a protective order was clearly erroneous.

**B. The use of M.A.'s medical records at her deposition does not make their use at her parents' deposition unreasonably cumulative.**

Plaintiff argues that because the mental health records were used at M.A.'s deposition, the use of the records at her parents' deposition would violate Rule 26(b)(2)(C)(i)'s prohibition on discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient." Obj. at 6, ECF No. 51. Plaintiff is incorrect.

That rule prevents parties from unreasonably attempting to obtain the same material twice. As in *Rich v. Grover*, cited by Plaintiff, where one party was trying to get the same prescription records from two sources. Case No. 1107-CV-0005-DAK-PMW, 2008 U.S. Dist. LEXIS 54662, *2 (D. Utah 2008). Even in that case, however, the court found the attempt reasonable. *Id.* at *8.

Here, however, Defendants are not trying to obtain the same material twice, let alone trying to do so unreasonably. Defendants wish to ask M.A.'s parents about events referenced in the mental health records. The answers they give may be different than the answers M.A. gave, just as any two persons' perceptions of the same event are different. This does not approach Rule 26(b)(2)(C)(i)'s prohibition on discovery that is "unreasonably cumulative or duplicative." The Magistrate Judge did not commit clear error by permitting the use of the records under Rule 26(b)(2)(C)(i).

**C. Lack of personal knowledge does not make the Magistrate Judge's order clearly erroneous.**

Last, Plaintiff argues that the Magistrate Judge's order is clearly erroneous because "question[ing] M.A.'s parents about M.A.'s descriptions of interaction with them, events involving

them, her feelings, and reactions to those matters will yield testimony that is inadmissible because her parents lack person[al] knowledge" under Federal Rule of Evidence 602. Obj. at 7, ECF No. 51. Plaintiff continues that Defendants "are free to" ask about events "described or referenced" in the mental health records, but the "records, or disclosure of M.A.'s statements, [are] not required to develop such testimony." *Id.* at 8. Plaintiff is incorrect.

First, the Federal Rules of Evidence apply at trial, not at depositions. Although statements made by M.A.'s parents may be inadmissible under Federal Rule of Evidence 602 at trial, it does not mean Defendants cannot ask those questions at a deposition. Second, Defendants may use the records to ask about events between M.A. and her parents, or M.A.'s parents' observations of M.A.'s behavior based on events within the records. Using the records in that manner is permissible. Third, it is specious to argue that "Defendants can obtain any relevant factual information from M.A.'s parents about certain events they were involved in without the use of M.A.'s mental health records." Obj. at 8, ECF No. 51. M.A.'s parents may not recall an event which was recounted by M.A. to her mental health professional. Or Defendants may ask M.A.'s parents about their observation of M.A.'s behavior after an event in the records. Or Defendants may ask M.A.'s parents for their impression of what happened at home after the event. There are myriad permissible possibilities. The Magistrate Judge did not clearly err by disregarding concerns about personal knowledge when permitting use of the records.

**IV. Conclusion**

Plaintiff's objections to the Magistrate Judges Order on Discovery Dispute, ECF No. 51, are **OVERRULED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE