IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELIZ A. RAEL, *as Guardian ad Litem of M.A., a minor child*,

Plaintiff(s),

v. 1:25-cv-01104-MIS-JMR

BOARD OF EDUCATION OF SANTA FE PUBLIC SCHOOLS, XAVIER CHAVEZ, and LAURA JURADO

Defendant(s).

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENAS ISSUED TO M.A.'S PARENTS**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Subpoenas Issued to M.A.'s Parents. Doc. 52. Defendant Xavier Chavez filed a response. Doc. 61. Plaintiff filed a reply. Doc. 69. Having reviewed the briefing and the relevant law, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court will not quash Items 2, 5, and 6. The Court limits items 3, 4, and 8 of the subpoenas to November 2024 to present. The Court orders that Defendant Chavez may not personally retain a copy of the photos or recordings from M.A.'s parents that depict M.A.

## I. Subpoenas

This case arises out of the alleged sexual abuse of M.A., a minor, by her high school cheerleading coach/trainer Defendant Xavier Chavez. Doc. 1 at 15. On June 10, 2024, Defendant Chavez served Plaintiff with subpoenas directed towards M.A.'s parents. Doc. 52 at 2. The subpoenas both requested, in relevant part, that each of M.A.'s parents produce the following documents.

> 2. Legible copies of all records of any conversation, including but not limited to emails, text messages, social media messages, hotline complaints, between you and your daughter M.A. regarding the allegations of M.A.'s complaint prior to February 14, 2025.
> 3. Copies of all video recordings of any Capital High School Cheer Team activities including at games, practices or other events, for the period from August 2023 through the present.
> 4. Copies of all photographs showing any Capital High School Cheer Team activities including at games, practices or other events, for the period from August 2023 through the present.
> 5. Copies of any video recordings in which Defendant Xavier Chavez appears.
> 6. Copies of any video recordings in which Defendant Luara Jurado appears.
>
> . . .
>
> 8. Copies of any video recordings of your daughter, M.A. participating in any school sponsored activity for the period from August 2023 through the present.

Doc. 52-2 at 2. M.A. moves to quash the subpoena as to these items insofar as they request photographs or recordings that depict her.

## II. Discussion

Plaintiff requests that the Court quash Item 2 in full and Items 3-6, and 8 in part. Doc. 52. Defendant Chavez opposes the requests. Doc. 61. The Court declines to quash Items 2, 5, and 6. However, the Court will temporally limit Items 3, 4, and 8 to November 2024 to present. The Court further issues a protective order preventing Defendant Chavez from personally retaining copies of the photographs or video recordings from M.A.'s parents that depict M.A.

"On timely motion, the court . . . must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A)(iii). "Generally, only the person subject to the subpoena may raise such an objection, and a party has no standing to object." *Morris v. Ulibarri*, No. 06-CV-1052 MV/DJS, 2010 WL 11474423, at *2 (D.N.M. July 14, 2010) (citation omitted). "However, an exception to this general rule lies where a party claims a personal right or privilege with respect to the

subpoenaed documents." *Id.*

"Relevance is not listed under Rule 45 as a reason to quash a subpoena, but courts have incorporated relevance as a factor when considering whether to grant a motion to quash." *In re Gold King Mine Release in San Juan Cnty., Colorado on Aug. 5, 2015*, No. 1:18-MD-02824-WJ, 2022 WL 5178406, at *2 (D.N.M. Mar. 30, 2022) (string citation omitted). "The Court must determine 'whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests of production.'" *Id.* (*quoting XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171, at *27 (D. N.M. April 1, 2016)). Under Rule 26(b), parties may request discovery "that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

**a. Item 2**

The Court declines to quash Item 2 of the subpoenas. Item 2 of the subpoenas requests: "Legible copies of all records of any conversation, including but not limited to emails, text messages, social media messages, hotline complaints, between you and your daughter M.A. regarding the allegations of M.A.'s complaint prior to February 14, 2025." Doc. 52-2 at 2.

Plaintiff argues that communications "between M.A. and her parents implicate the attorney-client privilege because they contain confidential information regarding communications made to obtain legal assistance as M.A.'s agent. . . ." Doc. 52 at 4. In M.A.'s deposition, she testified "that she did not inform her parents about her concerns with Defendant Chavez until February 14, 2025, at the earliest." Doc. 61 at 5. Therefore, Defendant argues that M.A.'s parents could not have been seeking legal counsel prior to that date. *Id.* at 5–6. Plaintiff replies arguing that "Defendant Chavez cannot have it both ways. If, as Defendant Chavez

argues, M.A. had not disclosed Chavez's assault to her parents prior to February 14, 2025, then there should be no communications between M.A. and her parents prior to February 14, 2025, about the assaults." Doc. 69 at 2.

Based on the information before the Court, there is no reasonable basis for Plaintiff to claim that M.A.'s communications with her parents are protected by attorney-client privilege.

"The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (quotation omitted). The privileged communication "must relate to legal advice or strategy sought by the client." *Id.* "A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed." *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999) (citation omitted). "The party must bear the burden as to specific questions or documents, not by making a blanket claim." *Id.*

"In New Mexico, the basic elements of the attorney-client privilege are (1) a communication (2) made in confidence (3) between privileged persons (4) for the purpose of facilitating the attorney's rendition of professional legal services to the client." *Albuquerque J. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 2019-NMCA-012, ¶ 19, 436 P.3d 1, 9 (quotation omitted). Attorney-client privilege is limited to communications

> (1) between the client and the client's lawyer or representative;
> (2) between the client's lawyer and the lawyer's representative;
> (3) between the client or client's lawyer and another lawyer representing another in a matter of common interest;
> (4) between representatives of the client or between the client and a representative of the client; or
> (5) between lawyers representing the client.

Rule 11-503 NMRA.

In *C.T. v. Liberal Sch. Dist.*, the District of Kansas held that "communications between

[plaintiff's father] and plaintiff's attorneys occurring while [plaintiff] was a minor are privileged to the same extent they would have been had they originated between [plaintiff] himself and his attorneys." *C.T. v. Liberal Sch. Dist. USD |480*, No. 06-2093-JWL, 2008 WL 217203, at *5 (D. Kan. Jan. 25, 2008). The *C.T.* court, applying Kansas law, reasoned that a parent may act as an "authorized agent" for their child when communicating with an attorney on their child's behalf. *Id.* at *3–5. The *C.T.* court rejected the theory a minor is an "incapacitated person," whose "guardian or conservator" could assert attorney-client privilege on the minor's behalf. *Id.* at *3 (citing K.S.A. § 60-426 (attorney-client "privilege may be claimed by the client in person or by his or her lawyer, or if an incapacitated person, by either his or her guardian or conservator . . . .")).

Plaintiff fails to show that attorney-client privilege applies to the communications subpoenaed in Item 2.[1] *See In re Foster*, 188 F.3d at 1264. The only case that Plaintiff cites to support the claim that a parent may assert attorney-client privilege on behalf of their minor child is *C.T.* Doc. 52 at 4. *C.T.* is inapplicable for several reasons. First, the *C.T.* court was interpreting Kansas statutes and case law—not New Mexico law or federal common law. Second, the plaintiff in *C.T.* supplied two affidavits explaining how his father was acting as his agent while communicating with plaintiff's attorney. *See C.T.*, 2008 WL 217203, at *5. No such evidence, or explanation, was provided in this case. Third, and most importantly, *C.T.* did not hold that communications between the minor plaintiff and his father were privileged, it held that "communications between [plaintiff's father] and plaintiff's attorneys" were privileged. *C.T.*, 2008 WL 217203, at *5. Here, Defendant Chavez seeks communications between M.A.'s parents

[1] The Court does not decide whether attorney-client privilege may protect communications between an attorney and a minor client's parents, only that M.A. did not meet her burden.

and M.A. Doc. 52-2 at 4. There is no indication, nor does Plaintiff claim, that an attorney is involved in these communications. Thus, attorney-client privilege could not apply. *See* Rule 11-503 NMRA; *In re Grand Jury Proc.*, 616 F.3d at 1182.

**b. Item 3-6 and 8**

Plaintiff seeks to quash Items 3-6 and 8 to the extent that the request seeks photos or recordings of M.A. Doc. 52 at 5. Items 3-6 and 8 request:

> 3. Copies of all video recordings of any Capital High School Cheer Team activities including at games, practices or other events, for the period from August 2023 through the present.
> 4. Copies of all photographs showing any Capital High School Cheer Team activities including at games, practices or other events, for the period from August 2023 through the present.
> 5. Copies of any video recordings in which Defendant Xavier Chavez appears.
> 6. Copies of any video recordings in which Defendant Luara Jurado appears.
>
> . . .
>
> 8. Copies of any video recordings of your daughter, M.A. participating in any school sponsored activity for the period from August 2023 through the present.

Doc. 52-2 at 2.

Defendant Chavez argues that Plaintiff lacks standing to challenge these requests. Doc. 61 at 6–7. Plaintiff disagrees arguing that M.A. has a privacy interest in protecting files that portray her. Doc. 52 at 5. Plaintiff also explains that M.A. wishes to prevent "the indiscriminate disclosure of years' worth of photographs and videos depicting her, a minor, to the very individual that sexually abused her." Doc. 69 at 3.

Plaintiff argues that these requests should be temporally limited to the 2024-2025 school year. Doc. 52 at 5. Defendant Chavez argues that he should be allowed to subpoena records from August 2023 forward. Doc. 61 at 7–8. Chavez explains that "M.A. first became a member of the Capital High School Cheer Team during her freshman year, the 2023-2024 school year, which began in August 2023." *Id.* at 7. Defendant Chavez argues that he "has a relevant interest in

examining documentary, video and photographic evidence of M.A.'s interactions with Capital High School staff members, school officials, cheer team members, classmates and others during school sponsored activities, regardless of whether such evidence is admissible at trial." *Id.*

The Court finds that M.A. has standing to challenge the subpoenas. The Court will temporally limit Items 3, 4, and 8. However, the Court will not limit Items 5 and 6. Finally, the Court *sua sponte* issues a protective order regarding any photographs and recordings M.A.'s parents produce that depict M.A.

M.A. has standing to object to her parents' subpoenas insofar as they request photographs and recordings that depict her. *See Morris*, 2010 WL 11474423, at *2 (A party may object to a subpoena "where a party claims a personal right or privilege with respect to the subpoenaed documents."). Most commonly, the "privacy interest" standing doctrine is invoked in the financial records context. *See, e.g.*, *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, No. 1:15-CV-02120-JLK, 2019 WL 8223561, at *3 (D. Colo. Dec. 31, 2019) (string cite omitted); *In re Vaughan Co.*, No. 12-CV-0301 WJ/SMV, 2014 WL 12787951, at *1 (D.N.M. Sept. 19, 2014). Plaintiffs do not cite any cases where the privacy interest doctrine was invoked when a minor plaintiff's photos were being provided to a defendant who allegedly sexually abused her. Nevertheless, the Court is persuaded that M.A. has a sufficient privacy interest in preventing "the indiscriminate disclosure of years' worth of photographs and videos depicting her, a minor, to the very individual that [allegedly] sexually abused her." *See* Doc. 69 at 3. Therefore, M.A. has limited standing to challenge the subpoenas.

Defendant Chavez argues, without citation, that M.A. does not have a privacy interest because the photographs and recording were taken "at school-sponsored events with many people present." Doc. 61 at 8. While the subpoenaed files would certainly include photographs

and recordings from "school-sponsored events with many people present," the subpoenas do not appear to be limited to such events. Moreover, even if the photographs and recordings were taken at a public event, the Court finds that Plaintiff's privacy interest, which is narrowly tailored to this case and this Defendant, is not lessened by whether—otherwise private—photographs and videos were taken at a public event. Plaintiff has standing to challenge the subpoenas to the extent that the requested files depict her.

The Court will temporally limit Items 3, 4, and 8 to November 2024 through the present. *See* FED. R. CIV. P. 45(d)(3)(A)(iii). Plaintiff argues that "the only relevant temporal time period is the 2024-2025 school year." Doc. 52 at 5. Plaintiff explains that "prior to November or December 2024, M.A. did not know Defendant Chavez." *Id.* (citing Doc. 52-5 at 1). Defendant does not dispute this timeline in his response brief. Instead, Defendant Chavez argues that he "has a relevant interest in examining documentary, video and photographic evidence of M.A.'s interactions with Capital High School staff members, school officials, cheer team members, classmates and others during school sponsored activities, regardless of whether such evidence is admissible at trial." Doc. 61 at 7. Plaintiff replies, and the Court agrees, that "Defendant Chavez does not explain why his interest is relevant to his defenses or what information will be yielded that would lead to relevant and admissible evidence." Doc. 69 at 4. Photographs and recordings of M.A. at "Capital High School Cheer activities" and "school sponsored activit[ies]" prior to November 2024, prior to Plaintiff meeting Defendant Chavez, are not facially relevant. Defendant does not explain what "claim or defense" or theory of the case photographs and recordings from before M.A. knew Defendant Chavez support. *See* FED. R. CIV. P. 26(b)(1). That said, photographs and recordings from after M.A. and Defendant Chavez met could lead to the discovery of relevant information. Therefore, the Court will order that Items 3, 4, and 8 be

limited to November 2024 to the present. FED. R. CIV. P. 45(d)(3)(A)(iii).

The Court will not temporally limit Items 5 and 6—recordings in which Xavier Chavez and Laura Jurado appear. Both requests are facially relevant. If M.A.'s parents possess videos of M.A. and Defendant Chavez prior to November 2024, those would disprove M.A.'s testimony regarding the timeline of the case. As to Defendant Jurado, Plaintiff alleges that Defendant Jurado "retaliated against M.A." by "verbally abusing the cheer team . . . for the complaints that had been made against Defendant Chavez." Doc. 1 at 30 ¶ 168. Videos of M.A. and Defendant Jurado, at any time, could demonstrate how Defendant Jurado interacted with M.A. and/or the other cheerleaders. Therefore, the Court will not temporally limit Items 5 and 6.[2]

Finally, the Court finds "good cause" to issue an order to protect M.A. from "annoyance, embarrassment, oppression, or undue burden." FED. R. CIV. P. 26(c)(1). To address M.A.'s privacy concerns, the Court orders that Defendant Chavez may not retain copies, in any form, of the photographs or video recordings depicting M.A. that M.A.'s parents produce pursuant to the subpoenas. Defendant Chavez's counsel may retain copies. The Court does not believe that this restriction will materially prejudice Defendant Chavez's ability to participate in his own defense.

Plaintiff's Motion to Quash Subpoenas Issued to M.A.'s Parents (Doc. 52) is GRANTED IN PART and DENIED IN PART.

Jennifer M. Rozzoni

JENNIFER M. ROZZONI
United States Magistrate Judge

---

[2] The Court acknowledges that there is some overlap between requested Items 3, 4, and 8 and Items 5 and 6, and that the Court has ordered a temporal limit for the former three items. That said, requested Items 5 and 6 are focused on videos of Defendant Chavez and Defendant Jurado at any time, and it could be that M.A. appears in such videos. If that is the case, this Order does not limit the production of such videos even if prior to November 2024.